# EXHIBIT A

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL
CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

CASE NO:

CAROLYN KNOUSE and BOB KNOUSE,
husband and wife,

  Plaintiff,

v.

SAM'S EAST, INC., JAYLON GLOSTER, and
JOHN and/or JANE DOE,

  Defendant's.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiffs, CAROLYN KNOUSE and BOB KNOUSE, husband and wife, by and through her undersigned counsel, and hereby sues the Defendants, SAM'S EAST, INC., JAYLON GLOSTER and JOHN and/or JANE DOE, and in support thereof alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of $30,000.00.

2. At all times material hereto, the Plaintiff, CAROLYN KNOUSE, was an individual residing in Lee County, Florida and is sui juris.

3. At all times material hereto, the Plaintiff, BOB KNOUSE, was an individual residing in Lee County, Florida and is sui juris.

4. At the time of the occurrence of the subject incident, Defendant, SAM'S EAST, INC., was a foreign corporation duly authorized and licensed to do business in the State of Florida, and doing business in Lee County, Florida.

CASE NO:

5. On February 4, 2022, Defendant, SAM'S EAST, INC., was doing business as a retail store in Lee County, Florida.

6. At all times material hereto, Defendant, JAYLON GLOSTER, was domiciled in and was a citizen of Florida, was residing in Lee County Florida, and was an employee of Defendant, SAM'S EAST, INC.

7. At all times material hereto, the Defendant, JOHN and/or JANE DOE, was an individual residing in Lee County, Florida.

8. Venue is proper in Lee County as the subject incident took place therein.

9. At the time of the occurrence of the subject incident, Defendant, SAM'S EAST, INC., owned the premises at 5170 S Cleveland Ave, Ft. Myers, Lee County, Florida.

10. At the time of the occurrence of the subject incident, Defendant, SAM'S EAST, INC., was in the exclusive and/or material possession or control of the above-described premises.

11. Defendants, SAM'S EAST, INC., JAYLON GLOSTER and JOHN and/or JANE DOE and Plaintiffs are all residents and citizens of the State of Florida in Fort Myers, Florida.

12. On February 4, 2022, Plaintiff, CAROLYN KNOUSE, went upon the premises of Defendant, SAM'S EAST, INC., as an invitee of Defendant, SAM'S EAST, INC.

13. At all times material hereto, Defendant, JAYLON GLOSTER, was working within the course and scope of their employment with Defendant, SAM'S EAST, INC.

CASE NO:

14. On February 4, 2022, Plaintiff, CAROLYN KNOUSE, was inside the subject premises when she tripped and fell over a cart which had been placed in her path, causing serious and permanent injuries to Plaintiff.

## COUNT I
## NEGLIGENCE CLAIM OF CAROLYN KNOUSE AGAINST DEFENDANT, SAM'S EAST, INC.

Plaintiff, CAROLYN KNOUSE, sues Defendant, SAM'S EAST, INC., and alleges:

15. Plaintiff, CAROLYN KNOUSE, realleges every allegation in the General Allegations of this Complaint and incorporates them herein by reference.

16. At the time of the occurrence of the subject incident, Defendant, SAM'S EAST, INC., owed a duty to customers and invitees on the property, including Plaintiff, CAROLYN KNOUSE, to perform her job responsibilities on the described property in a reasonably safe manner. That is, she had a duty to refrain from acts or omissions of negligence on the stated property.

17. Notwithstanding the aforesaid duty, Defendant, SAM'S EAST, INC., breached that duty and was negligent in one or more of the following ways:

a) Failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to customers by failing to maintain the floor space in and around the registers and access to boxes for customers;

b) Failing to adequately warn the Plaintiff of the potential hazardous or dangerous condition that existed on the floor in the registers and access to boxes for customers that he knew or should have known of or that existed for a sufficient length of time so that Defendant should have known if it;

c) Failing to adequately remedy the dangerous condition  or otherwise fix it;

d) Failing to adequately inspect and maintain the check out and box storage area to keep then free from debris and tripping hazards;

3

CASE NO:

e) Failing to properly train and supervise employees on the duty to warn or adequately warn customers of unsafe conditions that they knew or should have known of.

f) Engaging in a negligent mode or method of operation by failing to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises; and

g) Failing to conduct, personally or through those under his control, reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous items as a cart left at or near ground level in the path of customers performing check out services prior to business invitees being injured thereby.

18. As a direct and proximate result of the negligence of Defendant, SAM'S EAST, INC., the Plaintiff, CAROLYN KNOUSE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, expense of additional household related expenses, and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff, CAROLYN KNOUSE, will suffer the losses in the future.

WHEREFORE, Plaintiff, CAROLYN KNOUSE, demands judgment against Defendant, SAM'S EAST, INC., for damages plus costs of this action and pre-judgment interest at the statutory rate for actual, out-of-pocket payments on past medical expenses calculated from the date payment was made, to the extent allowed by law, and demands a trial by jury.

## COUNT II
## NEGLIGENCE CLAIM OF CAROLYN KNOUSE AGAINST DEFENDANT, JAYLON GLOSTER

Plaintiff, CAROLYN KNOUSE, sues Defendant, JAYLON GLOSTER., and alleges:

4

CASE NO:

19. Plaintiff, CAROLYN KNOUSE, realleges every allegation in the General Allegations of this Complaint and incorporates them herein by reference.

20. At the time of the occurrence of the subject incident, Defendant, JAYLON GLOSTER, was a manager or employee responsible for the location of the incident and owed a duty to customers and invitees on the property, including Plaintiff, CAROLYN KNOUSE, to perform his job responsibilities on the described property in a reasonably safe manner. That is, she had a duty to refrain from acts or omissions of negligence on the stated property.

21. Notwithstanding the aforesaid duty, Defendant, JAYLON GLOSTER, breached that duty and was negligent in one or more of the following ways:

a) Failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to customers by failing to maintain the floor space in and around the registers and access to boxes for customers;

b) Failing to adequately warn the Plaintiff of the potential hazardous or dangerous condition that existed on the floor in the registers and access to boxes for customers that he knew or should have known of or that existed for a sufficient length of time so that Defendant should have known if it;

c) Failing to adequately remedy the dangerous condition or otherwise fix it;

d) Failing to adequately inspect and maintain the check out and box storage area to keep then free from debris and tripping hazards;

e) Failing to properly train and supervise employees on the duty to warn or adequately warn customers of unsafe conditions that they knew or should have known of.

f) Engaging in a negligent mode or method of operation by failing to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises; and

g) Failing to conduct, personally or through those under his control, reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous

items as a cart left at or near gound level in the path of customers performing check out services prior to business invitees being injured thereby.

22. As a direct and proximate result of the negligence of Defendant, JAYLON GLOSTER, the Plaintiff, CAROLYN KNOUSE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, expense of additional household related expenses, and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff, CAROLYN KNOUSE, will suffer the losses in the future.

WHEREFORE, Plaintiff, CAROLYN KNOUSE, demands judgment against Defendant, JAYLON GLOSTER, for damages plus costs of this action and pre-judgment interest at the statutory rate for actual, out-of-pocket payments on past medical expenses calculated from the date payment was made, to the extent allowed by law, and demands a trial by jury.

**COUNT III**
**NEGLIGENCE CLAIM OF CAROLYN KNOUSE AGAINST**
**DEFENDANT, JOHN AND/OR JANE DOE**

Plaintiff, CAROLYN KNOUSE, sues Defendant, JOHN and/or JANE DOE., and alleges:

23. Plaintiff, CAROLYN KNOUSE, realleges every allegation in the General Allegations of this Complaint and incorporates them herein by reference.

24. At the time of the occurrence of the subject incident, Defendant, JOHN and/or JANE DOE, owed a duty to customers and invitees on the property, including Plaintiff, CAROLYN KNOUSE, to perform his/her job responsibilities on the described

CASE NO:

property in a reasonably safe manner. That is, she had a duty to refrain from acts or omissions of negligence on the stated property.

25. Notwithstanding the aforesaid duty, Defendant, JOHN and/or JANE DOE, breached that duty and was negligent in one or more of the following ways:

a) Failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to customers by failing to maintain the floor space in and around the registers and access to boxes for customers;

b) Failing to adequately warn the Plaintiff of the potential hazardous or dangerous condition that existed on the floor in the registers and access to boxes for customers that he knew or should have known of or that existed for a sufficient length of time so that Defendant should have known if it;

c) Failing to adequately remedy the dangerous condition or otherwise fix it;

d) Failing to adequately inspect and maintain the check out and box storage area to keep then free from debris and tripping hazards;

e) Failing to properly train and supervise employees on the duty to warn or adequately warn customers of unsafe conditions that they knew or should have known of.

f) Engaging in a negligent mode or method of operation by failing to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises; and

g) Failing to conduct, personally or through those under his control, reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous items as a cart left at or near gound level in the path of customers performing check out services prior to business invitees being injured thereby.

26. As a direct and proximate result of the negligence of Defendant, JOHN and/or JANE DOE, the Plaintiff, CAROLYN KNOUSE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, expense of additional household related expenses, and aggravation of a previously

CASE NO:

existing condition. These losses are either permanent or continuing and Plaintiff, CAROLYN KNOUSE, will suffer the losses in the future.

WHEREFORE, Plaintiff, CAROLYN KNOUSE, demands judgment against Defendant, JOHN and/or JANE DOE, for damages plus costs of this action and pre-judgment interest at the statutory rate for actual, out-of-pocket payments on past medical expenses calculated from the date payment was made, to the extent allowed by law, and demands a trial by jury.

**COUNT IV**
**CONSORTIUM CLAIM OF BOB KNOUSE AGAINST DEFENDANTS, SAM'S EAST, INC., JAYLON GLOSTER AND JOHN AND/OR JANE DOE**

Plaintiff, BOB KNOUSE, sues Defendants, SAM'S EAST, INC., JAYLON GLOSTER AND JOHN AND/OR JANE DOE, and alleges:

27. Plaintiff, BOB KNOUSE, realleges every allegation in the General Allegations and Count I, II and III of this Complaint and incorporates them herein by reference.

28. On February 4, 2022, the date of the subject incident, and at all times material to this action, Plaintiffs, CAROLYN KNOUSE and BOB KNOUSE, were husband and wife.

29. As a direct and proximate result of the negligence described herein above, Plaintiff, BOB KNOUSE, suffered the loss of the services, comfort, society, companionship and consortium of his spouse, Plaintiff, CAROLYN KNOUSE, for a substantial period of time.

CASE NO:

WHEREFORE, Plaintiff, BOB KNOUSE, demands judgment against Defendants, SAM'S EAST, INC., JAYLON GLOSTER AND JOHN AND/OR JANE DOE, for compensatory damages plus costs of this action, and demands a trial by jury.

Dated this 7th day of July, 2023.

>LAW OFFICE OF JOSEPH MICHAEL SETTE
>Attorney for Plaintiff
>9160 Forum Corporate Parkway, Suite 350
>Fort Myers, Florida 33905
>Telephone:  Tel (239) 789-4777
>Fax (239) 356-1024
>Email:  jsette@settelegalservice.com;
>mail@settelegalservice.com
>
>
>By: /s/ Joseph Michael Sette
>    Joseph Michael Sette, Esquire
>    Florida Bar No. 949981