UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROLYN KNOUSE and BOB KNOUSE,

    Plaintiffs,

v.                                        Case No.:  2:23-cv-1054-SPC-NPM

SAM'S EAST, INC., JAYLON GLOSTER, JOHN DOE and JANE DOE,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiffs' (the Knouses') Motion to Remand (Doc. 16), as well as Defendant Gloster's Motion to Dismiss Counts II and IV (Doc. 23). Gloster responded to the Knouses' Motion to Remand (Doc. 16), and the Knouses responded to Gloster's Motion to Dismiss (Doc. 32). Because these motions both concern whether Gloster is properly part of this action, the Court considers these motions together. And because Gloster is not properly part of this action, the Court grants Gloster's Motion to Dismiss (in part) and denies the Knouses' Motion to Remand.

In February 2022, Carolyn Knouse tripped over a cart in Defendant Sam East, Inc.'s Sam's Club store in Fort Myers, Florida. She was injured in some

manner not specified in her Amended Complaint. (Doc. 20). Because she was injured, her husband also brings a loss of consortium claim. (Doc. 20).

Gloster is the store manager at the Sam's Club where Carolyn Knouse tripped. (Doc. 20 at 3). Gloster is a citizen of Florida, but the Knouses are as well. (Doc. 20 at 1-2; Doc. 1 at 150). For this reason, the Knouses think this case should be remanded. (Doc. 16). Defendants disagree, arguing that Gloster was fraudulently joined simply to defeat diversity jurisdiction. (Doc. 18). If there is no valid claim against Gloster, then there is no cause to remand. So the real question is whether the Amended Complaint establishes that Gloster should be a defendant.

A defendant can attack a complaint for failing to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). This means a party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a motion to dismiss, a court accepts all facts in the complaint as true and takes them in the light most favorable to the plaintiff. See *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation

omitted). But acceptance of a complaint's allegations is limited to the well-pled ones. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

"When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction . . . [t]he plaintiff is said to have effectuated a 'fraudulent joinder,' . . . and a federal court may appropriately assert its removal diversity jurisdiction over the case." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). To establish fraudulent joinder, the moving party must prove that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Id.* (citing *Crowe*, 113 F.3d at 1538). The court must resolve all questions of fact in the plaintiff's favor, but the court does not "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005) (internal citations omitted).

Before discussing the substance of the Amended Complaint, it is worth noting how it came to be. Gloster previously filed a Motion to Dismiss in November. (Doc. 12). This November Motion to Dismiss contained the same arguments as the current Motion to Dismiss—that Gloster was fraudulently joined and the counts against him should be dismissed. (Doc. 23). In response to the November Motion to Dismiss, the Knouses filed their Amended

3

Complaint. (Doc. 20). So this Amended Complaint is presumably the Knouses' best effort at showing facts that support Gloster's involvement and liability.

Sitting in diversity, the Court applies Florida substantive law and federal procedural law. *Glob. Quest, LLC v. Horizon Yachts Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017). Slip (or trip) and falls are a form of negligence, so plaintiffs must show duty, breach, causation, and damages. *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 128 (Fla. Dist. Ct. App. 2020).

Under Florida law, a store manager is not liable "simply because of his general administrative responsibility for the performance of some function of his [or her] employment—he or she must be actively negligent." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005) (citing *McElveen v. Peeler*, 544 So. 2d 270, 271-72 (Fla. Dist. Ct. App. 1989) (internal quotations omitted). To maintain a claim against a store manager, the plaintiff must "allege and prove that the [store manager] owed a duty to the [plaintiff], and that the duty was breached through personal (as opposed to technical or vicarious) fault." *Id.* at 272.

The Amended Complaint does not allege that Gloster was actively negligent through personal fault. The Amended Complaint alleges that Gloster "was a manager or employee" who "owed a duty to customers and invitees on the property, including Plaintiff." (Doc. 20 at 6). It alleges that his "job responsibilities" included "actively keep[ing] the floor . . . free from debris

4

and obstacles." (Doc. 20 at 6).[1] The nature of the Knouses' claims against Gloster is shown in their Opposition to Gloster's Motion to Dismiss: "Mr. Gloster was the Store Manager . . . and *must at a minimum have at least some responsibility to maintain the area* where Plaintiff . . . fell." (Doc. 32 at 5) (emphasis added). This is an allegation that Gloster breached a general responsibility as store manager, not a factually supported allegation that Gloster was "personally liable" and "actively negligent" in relation to Carolyn Knouse's fall. *See Petigny v. Wal-Mart Stores E., L.P.,* No. 18-23762-CIV, 2018 WL 5983506, at *4 (S.D. Fla. Nov. 13, 2018) (finding that the complaint was insufficient because "Plaintiff does not allege facts showing that [the store manager] caused grapes to be on the floor, was told the grapes were on the floor, knew or should have known about the grapes being on the floor, or was in the area of Plaintiff's incident prior to same in order to correct it").

The Amended Complaint relies on the idea that because Gloster was store manager, he failed in his general administrative duty to maintain the premises. So even giving Plaintiff every reasonable benefit, this case "appears to be a run of the mill [trip] and fall case in which the store manager individually has no liability." *Boyd v. Petco Animal Supplies Stores, Inc.*, No.

---

[1] The Amended Complaint also provides the traditional laundry list of other ways in which Gloster was allegedly negligent, which become increasingly boilerplate as the list goes on. (Doc. 20 at 7).

3:18-cv-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018) (finding fraudulent joinder of the store manager when the allegations were "not specific and direct; rather, they are conclusory" and the plaintiff "has provided no facts demonstrating that [the store manager] played any role in [plaintiff's] injuries").

Thus, the Court grants Gloster's Motion to Dismiss as to Count II (negligence as to Gloster). With insufficient facts to support active negligence, Gloster has been fraudulently joined.

But Gloster has also moved to dismiss Count IV, which is Bob Knouse's loss of consortium claim stemming from his wife's trip. (Doc. 32 at 7-8; Doc. 20 at 10-11). Gloster has moved to dismiss Count IV in its entirety, but the count is against Gloster *and* Sam's East.[2] (Doc. 20 at 10). The Court agrees with Sam's East that Count IV is a derivative claim. *Gates v. Foley,* 247 So. 2d 40, 45 (Fla. 1971). But it is derivative of both Count II (negligence as to Gloster) *and* other remaining counts. So although Count IV cannot survive against Gloster with the dismissal of Count II, the Court will not dismiss Count IV in its entirety. It dismisses Count IV only as to Gloster.

---

[2] The claim is also against John and/or Jane Doe, but that is not that relevant in resolving Plaintiffs' Motion to Remand and Defendant Gloster's Motion to Dismiss Counts II and IV. (Doc. 20 at 8).

As a final note, neither party discusses the continued presence of John and/or Jane Doe in this case, even though this case was originally filed in July 2023. (Doc. 1). Generally, claims against fictitious parties are dismissed in federal court. *See Smith v. Comcast Corp.*, 786 Fed. App'x 935, 939 (11th Cir. 2019) (citing *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010)). When the Knouses amend their Complaint, they must either remove John/Jane Doe or substitute real party names for John/Jane Doe.[3]

Accordingly, it is now **ORDERED:**

1. Defendant Gloster's Motion to Dismiss Counts II and IV (Doc. 23) is **GRANTED** in part and **DENIED** in part.

2. Plaintiffs Carolyn and Bob Knouses' Motion to Remand (Doc. 16) is **DENIED** as moot.

3. Plaintiffs are **DIRECTED** to file a second amended complaint consistent with this Opinion and Order on or before March 22, 2024.

**DONE** and **ORDERED** in Fort Myers, Florida this March 8, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] Any "substitution" of a non-diverse party would be considered joinder subject to analysis under 28 U.S.C. § 1447(e). *Dever v. Fam. Dollar Stores of Ga., LLC,* 755 Fed. App'x 866, 869 (11th Cir. 2018).