UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROLYN KNOUSE and BOB KNOUSE,

    Plaintiffs,

v.                              Case No.:   2:24-cv-127-SPC-NPM

SAM'S EAST, INC. and JAYLON GLOSTER,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiffs' Motion for Reconsideration. (Doc. 38). Plaintiffs ask the Court to reconsider its Order dismissing Defendant Jaylon Gloster from this case and denying their request to remand the matter to state court. (Doc. 35). Gloster opposes. (Doc. 40). For the following reasons, the Court denies Plaintiffs' Motion.

This is a slip-and-fall case. Gloster is the store manager at the Sam's Club where Plaintiff Carolyn Knouse tripped and fell over a cart. Gloster moved to dismiss Counts II and IV of the Amended Complaint brought against him, arguing that he was fraudulently joined to defeat diversity jurisdiction and there was no viable claim against him. The Court granted Gloster's Motion to Dismiss all claims against him and denied Plaintiffs' Motion for

remand. The Court held the Amended Complaint, which set forth Plaintiffs' "best effort at showing facts that support Gloster's involvement and liability" failed to allege that Gloster was actively negligent through personal fault. (Doc. 35 at 4). Plaintiffs now seek reconsideration.

Under Federal Rule of Civil Procedure 54(b), the Court may grant reconsideration of an interlocutory order that partially dismisses claims or parties. Fed. R. Civ. P. 54(b). That said, "[r]econsideration of a previous order is an extraordinary remedy intended to be used sparingly." *Berisha v. Stan, Inc.*, 461 F. Supp. 3d 1257, 1259 (S.D. Fla. 2020) (citing *M.G. v. St. Lucie County Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014)). Though Rule 54(b) does not provide guidance on what factors a court may consider when deciding a motion to reconsider, the Eleventh Circuit has stated that the factors provided in Rule 60(b) may be applied to a Rule 54(b) motion. *See Herman v. Hartford Life & Accident Ins. Co.*, 508 Fed. App'x. 923, 927 n.1 (11th Cir. 2013) (citing *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 569 (11th Cir. 1990); *Peterson v. Legal Huge Domains.com*, No. 3:21-CV-1223-BJD-JBT, 2022 WL 2841115, at *2 (M.D. Fla. June 30, 2022) ("[C]ourts examine 'similar factors' when reviewing motions for reconsideration, whether brought under Rule 54, Rule 59, or Rule 60").

So, a motion for reconsideration is typically granted only when there is: (1) an intervening change in controlling law; (2) newly discovered evidence; or

(3) a need to correct clear errors of fact or law or prevent manifest injustice. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Reconsideration is not a mechanism to "relitigate old matters" and moving for reconsideration in hope that the Court will change its mind is inappropriate. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (citation and quotation omitted). The decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted).

Here, Plaintiffs fail to establish the extraordinary circumstances required for reconsideration. They argue no change in intervening law or newly discovered evidence. And they show no manifest errors of law or fact nor is there a need to correct a manifest injustice. Instead, Plaintiffs simply want the Court to change its prior ruling, repeating arguments already addressed in the Court's March 8, 2024 Order. Under these circumstances, reconsideration is inappropriate.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Reconsideration, (Doc. 38), is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 22, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record